# (December 4, 1973)

In the Matter of RAE GOLDMAN et al., Respondents, et al., Petitioner, v. DISTRICT ATTORNEY OF WESTCHESTER COUNTY (THE PEOPLE), Appellant.— In this proceeding to quash subpoenas duces tecum which would require petitioners to produce certain records before the Grand Jury of Westchester County, the People appeal from an order of the County Court, Westchester County, dated October 26, 1973, which *inter alia* modified the subpoenas (cf. *Matter of Inter-City Assoc.* [*People*] v. *Doe*, 308 N. Y. 1044). Order modified, on the law and in the exercise of discretion, by striking from the second decretal paragraph thereof the words "solely and specifically in regard to" and by substituting therefor the following: "either directly or indirectly referring to or involving." As so modified, order affirmed, without costs. We are of the opinion that the order under review unduly circumscribed the papers to be

produced by the narrow-limiting-words "solely and specifically". We believe it would further the intent and purpose of the Grand Jury's investigation of the connection between petitioners and the corporations referred to in the subpoenas, if petitioners were directed to produce such papers referred to in the subpoenas as either directly or indirectly refer to or involve these corporations' connection with the exhibition of "Devil in Miss Jones" at the theatre in question. Possibly some of the papers do not solely and specifically by name refer to "Devil in Miss Jones", but refer to it by release date or the producer's name or to that motion picture and others. Insofar as there may be reference to other motion pictures, they may be redacted by the County Court. Thus we believe our modification could prevent, or make less likely, technical limitation or frustration of the Grand Jury investigation insofar as the production of papers under the above subpoenas is concerned. Thereby it would further "'the public purpose to be achieved'" (*Matter of La Belle Creole Int., S. A.* v. *Attorney-General of State of N. Y.,* 10 N Y 2d 192, 196). Rabin, P. J., Munder, Martuscello, Latham, and Christ, JJ., concur.