■ In the Matter of ELIZABETH COURT et al., Respondents. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN DOE, Defendant.—Appeal by the People from an order of the County Court, Westchester County, dated March 25, 1975, which granted the application of petitioners Elizabeth Court and Richard Court to quash certain subpoenas duces tecum served upon them and which treated the application as moot as to petitioner William Court, Jr. Order reversed, without costs, and proceeding remanded

to the County Court for a hearing for the purposes of modifying the subpoenas duces tecum to the extent of reasonably circumscribing the books, papers and records to be produced by petitioners and fixing a new return date for the said subpoenas. A Grand Jury of Westchester County has been investigating official corruption in the City of Mount Vernon. On February 6, 1975 three subpoenas duces tecum were issued by the District Attorney of Westchester County addressed to Elizabeth Court (the wife of William Court, an indicted former police officer of Mount Vernon), Richard Court and William Court Jr. (sons of William Court). These subpoenas directed petitioners to appear as witnesses on February 11, 1975 before the Westchester County Grand Jury conducting that investigation and *also* required each of them to produce "all financial books and records, deeds to real property, keys to safe-deposit boxes, evidence of ownership of cars, boats, other types of vehicles, and jewelry and all documents indicating ownership or an interest in property of a value of $200.00 or more and any interest in any corporation, business, or partnership either as a director, stockholder or officer". We agree with the County Court that the documents and records sought by the subpoenas have not been described with sufficient specificity. The scope thereof may, in many instances, antedate the scope of the Grand Jury investigation and may otherwise be irrelevant to that investigation. However, some of the books, papers and records may well be pertinent thereto. Therefore, in pursuance of the court's duty to implement, where reasonable and proper, a Grand Jury investigation involving official and other misconduct that may be harmful to the welfare of the public, we are remanding the *petitioners'* application to quash the subpoenas to the County Court for a hearing, in connection with the Grand Jury's powers in the above investigation by modifying the subpoenas (cf. *Matter of La Belle Creole Int., S.A. v Attorney-General of State of N.Y.,* 10 NY2d 192, 196; *Matter of Goldman v District Attorney of Westchester County,* 43 AD2d 700; *Matter of Manning v Valente,* 272 App Div 358, 362–364, affd 297 NY 681). We do not reach the question of whether the subpoenas are viable to compel testimony, as that issue was not raised in the County Court; nor has it been raised in appellant's brief. Moreover, we find that the contentions by *petitioners* as to the possibility that the production by them of their respective books and records might violate their constitutional rights, and petitioner Elizabeth Court's privilege to refuse to divulge confidential information relating to her husband, have been raised prematurely. Although the County Court found that the subpoena served upon petitioner William Court, Jr., had been withdrawn, it appears that he was subsequently properly served and that he is a party to this appeal. Rabin, Acting P. J., Latham, Cohalan, Margett and Christ, JJ., concur.